PETER JAMES v. A. A. WOODS.

1. APPEAL BOND. *On appeal from justice of peace. Executed and approved before judgment.*

In a case appealed from a justice of the peace's court to the Circuit Court, the appeal bond is not bad because executed and approved before, and in anticipation of, an adverse judgment by the justice of the peace.

2. SAME.  *From justice of peace.  Irregularity cured.  Section 2353, Code of 1880.*

But if such irregularity be regarded as material, the party appealing has the right in the Circuit Court to give a new bond, under Section 2353 of the Code of 1880, which provides that in cases appealed from justices of the peace, "if the appeal bond be defective, the appellant shall be permitted to give a new bond, which shall have the same effect as if given originally before the justice, on demand of the appeal."

3. APPEAL.  *Judgment by confession in justice of peace's court.  Section 2309, Code of 1880.*

The statute, Section 2309, Code of 1880, denying the right of appeal from a judgment by consent or confession, does not apply to cases in justices of the peace's courts.

APPEAL from the Circuit Court of Holmes County.

HON. C. H. CAMPBELL, Judge.

On the 4th of April, 1888, A. A. Woods brought an action against Peter James, before a justice of the peace, upon a demand for $143.50.  The defendant was summoned to appear on the 14th day of that month.  He did not appear at that time, but sent by his son who did attend, an appeal bond and a petition for an appeal to the Circuit Court.  The petiton for appeal and the bond bear date of the 14th of April, 1888, but the affidavit qualifying the surities on the bond was dated the 13th of April, 1888.  The bond was, in fact, executed on the date last mentioned.  The appeal bond was, by the son and agent of the defendant, presented to and approved by the justice of the peace, before the opening of the court on the trial day of the case.  The bond recites that a judgment had been rendered against the defendant for $143.50, the amount of the plaintiff's demand.  The judgment rendered subsequently to the approval of the appeal bond recites that the parties appeared, and the defendant, in open court, " consented for a judgment to be entered against him."

The justice of the peace having sent up to the Circuit Court a transcript of his record of the case, the plaintiff made a motion to dismiss the appeal, because, (1.) " The appeal was taken from a consent judgment;" and, (2.) " The appeal bond was filed and approved by the justice of the peace before the case was called or tried, and before the court opened."

Evidence was introduced on the hearing of the motion, *pro* and *con.*, on the point whether the defendant's son consented that judgment should be entered by the justice of the peace against the defendant. Before judgment upon the motion, the defendant offered to give a new appeal bond with good and sufficient surities. But the court rendered a judgment sustaining the motion to dismiss the appeal. Thereupon the plaintiff appealed to this court.

*J. E. Gwin*, for the appellant.

Peter James did not confess the judgment; and if Walter James consented to a judgment it was not his intention to make such confession of judgment as would preclude an appeal, because the only reason he attended the Court was as his father's messenger to bring the appeal bond to the justice.

But the Court below seemed to think that because the justice wrote on the bond, "I approve the foregoing bond and security this the 14th day of April, 1888," before the judgment was rendered, that therefore the bond was void. It is not the writing of the approval which is essential to an appeal bond—but simply the judgment of the justice as to whether the sureties are good and solvent.

It occurs to me that the intention of the parties was that the bond should take effect upon the rendition of the judgment; that the sending of the record to the Circuit Court was an approval of the sufficiency of the bond; that the judgment of the justice, exercised before judgment, as to the efficiency of the bond continued to be operative, unless afterwards for cause, he disapproved the bond; that all parties knew that an appeal was intended to be taken, and if the parties were allowed to defeat an appeal it would be a judicial fraud and outrage.

*Hooker & Wilson*, for the appellee.

It is not the spirit of the law that judgments of courts of record should be discounted in advance, or that the courts of justice's of the peace should be simply used as a stepping stone to the higher courts. Within their sphere and jurisdiction, they have as much authority and are entitled to the same respect and consideration that a higher court is.

It was clearly the design and intention of the appellant to

defeat the plaintiff of an early trial, to use the magistrate's court as a mere stepping stone, by an improper use of his power of appeal. When he is sued the only preperation that he makes is his appeal bond. After the appeal bond is delivered by his son and agent to the magistrate and its approval, and become part of the record he is indifferent to what judgment may be rendered. The agent goes so far as to consent to a judgment against his principal. Now we say that such an use of the privilege of appeal, is an abuse of it, a perversion of the object and end of the statute in granting an appeal and should not be tolerated.

The right of appeal is a statutory right. There must be a substantial compliance with the statute giving the privilege of appeal. The statute provides that the demand must be made and the bond given within five days *after* the judgment is rendered. It does not provide for the delivering of the bond to the magistrate before judgment, in anticipation of it.

ARNOLD, C. J., delivered the opinion of the Court.

Appellant had given an appeal-bond with security, approved by the justice of the peace, and should have been allowed to give a new bond, as he offered to do, if the bond given had been defective in any respect. Code, Sec. 2353; *Gaddis* v. *Palmer*, 60 Miss., 758.

But it not perceived that the irregularity of the appeal-bond, being executed and approved before the judgment appealed from was rendered, vitiated the bond. The bond had the effect which one regularly executed and approved would have had, and it was available to protect appellee for all the purposes contemplated by law in such case.

If it be insisted here, as it was done on the motion to dismiss in the Circuit Court, that the judgment in the justice's court was by confession, and therefore could not be appealed from, it is sufficient to say that the statute which denies appeals from judgments by consent or confession, does not apply to justice's courts. Code, Sec. 2309.

*Reversed and remanded.*