GEORGE HODGKINSON ET AL. V. SARAH HODG-
KINSON.

FILED JANUARY 3, 1895.     No. 5440.

Married Women: DESERTION: DAMAGES.     An action is maintainable by a wife for such damages as she has sustained from desertion by her husband, against any person or persons who have brought about such abandonment.

ERROR from the district court of Nemaha county.     Tried below before BROADY, J.

*E. W. Thomas* and *G. W. Cornell,* for plaintiffs in error, cited, as to the wife's right of action: *Lynch v. Knight,* 9 H. L. Cas. [Eng.], 577; *Westlake v. Westlake,* 34 O. St., 621; *Mehrhoff v. Mehrhoff,* 26 Fed. Rep., 13; 1 Bishop, Marriage & Divorce, sec. 1358; *Weedon v. Timbrell,* 5 T. R. [Eng.], 357; *Cross v. Grant,* 62 N. H., 675; *Bigaouette v. Paulet,* 134 Mass., 123; Maxwell, Pleading & Practice, 241; 2 Chitty, Pleading, 314.

*Stull & Edwards, contra,* cited on the same point: Consolidated Statutes, sec. 1413; Cooley, Torts, 227, note 3; Stewart, Husband & Wife, 59, sec. 1, and 78, sec. 2; 9 Am. & Eng. Ency. Law, 810, and cases cited; *Warren v. Warren,* 50 N. W. Rep. [Mich.], 842; *Bennett v. Bennett,* 116 N. Y., 584.

RYAN, C.

The defendant in error recovered a judgment against
plaintiffs in error in the district court of Nemaha county.
The cause of action, as stated, was that plaintiffs in error
had induced their son, her husband, permanently to aban-
don the defendant in error, and to refuse to provide for her
support. In connection with the history of desertion
brought about as aforesaid there were allegations that
plaintiffs in error had manifested the most determined and
persistent disapproval of becoming grand-parents, and that
to prevent this consummation they had induced their son
to attempt to procure an abortion, which had failed, where-
upon defendant in error was driven from the house of
plaintiffs in error, wherein, with her husband, she had pre-
viously been living, and the separation and abandonment
complained of immediately followed. The evidence was
very conflicting, but there was sufficient to sustain the
averments of the petition. There was presented in the
motion for a new trial a claim that, because of surprise,
plaintiffs in error should have been granted a new trial.
In support of this claim there seems to have been used
certain affidavits, but as there was no identification or pres-
ervation of them by bill of exceptions, they cannot be con-
sidered. No other error arising during the trial was
presented or argued. The giving and refusal to give in-
structions afford no ground of complaint, for exception
was taken only to a refusal to give one instruction re-
quested, and the substantial part of that instruction was
embodied in others given by the court on its own motion.

It is contended, however, that this action was not main-
tainable by the defendant in error, and that in any event a
recovery could be had only for the loss of services of the
husband. In respect to the proposition last mentioned it
perhaps would be a sufficient answer to point out that at
common law the services and chattels of the husband did

not belong to the wife, as did those of the latter to the former, for which reason the general rule contended for is not derivable from a mere analogy as urged in argument. The right of the wife to bring this action in her own name is conferred by section 3, chapter 53, Compiled Statutes, which provides: "A woman may, while married, sue and be sued, in the same manner as if she were unmarried." In *Bennett v. Bennett,* 116 N. Y., 584, there is a satisfactory discussion of the rights of a married woman to recover for damages to herself under the rules of the common law, and as the same are affected by the provision of our statute above quoted, and it is shown that at the common law the right to the recovery of damages existed but could only be had by the husband and wife jointly, on the theory that during coverture the independent claims of the wife to rights of action and chattels were suspended. By the statutory provision that a woman may, while married, sue as if she were single this condition of suspension was terminated, and the wife could then sue, just as at common law she could sue in her own name when the suspension of her right in that respect had been ended by the death of her husband. (See also in support of the right of a married woman to maintain an action of the nature of that at bar, the case of *Warren v. Warren,* 89 Mich., 123.) The judgment of the district court is

AFFIRMED.