Case v. Case.

LUCRETIA CASE V. IDA CASE.

FILED JUNE 19, 1895. No. 6189.

1. **Slander:** DAMAGES: ALIENATION OF HUSBAND'S AFFECTIONS. The alienation of the affections of a husband or wife and loss of home and support, which are proved to result from the circulation of slanderous reports, charging the injured party with the commission of the crime of adultery, are such natural and probable consequences of the reports as to constitute them proper elements of damages in an action of slander by such party against the slanderer.

2. **Instructions.** It is error for the court to refuse to give an instruction requested by a party to an action, which is pertinent and applicable to one branch of the case which the court has not covered in its charge to the jury, unless it is clear that such refusal could not have prejudiced the party by whom the instruction was tendered.

ERROR from the district court of Saunders county. Tried below before WHEELER, J.

The opinion contains a statement of the case.

*George W. Simpson* and *J. E. Frick,* for plaintiff in error:

The motion to strike out certain portions of the petition should have been sustained. (*Georgia v. Kepford,* 45 Ia., 48; *Beach v. Ranney,* 2 Hill [N. Y.], 309; *Terwilliger v. Wands,* 17 N. Y., 62; Sedgwick, Damages, sec. 444.)

*S. H. Sornborger* and *J. R. Gilkeson, contra,* contending that the motion was properly overruled, cited: *Chesley v. Thompson,* 137 Mass., 136; *Adams v. Smith,* 58 Ill., 417; *Marble v. Chapin,* 132 Mass., 225; *Mahoney v. Belford,* 132 Mass., 393; *Swift v. Dickerman,* 31 Conn., 258; *Dufort v. Abadie,* 23 La. Ann., 280; *Boldt v. Budwig,* 19 Neb., 739; *Hardin v. Harshfield,* 12 S. W. Rep. [Ky.], 779; *Adams v. Smith,* 58 Ill., 417.

HARRISON, J.

This is an action commenced by defendant in error (hereinafter referred to as "plaintiff") to recover damages of plaintiff in error (hereinafter called "defendant") on account of alleged slanderous statements made by defendant in reference to plaintiff. It appears from the evidence that the plaintiff and defendant, at the time of the occurrence upon which this suit was founded, bore the relationship of daughter-in-law and mother-in-law. The petition states that plaintiff was married to Oscar G. Case December 30, 1875, and that she was his wife at the date of the alleged slanderous remarks and at the commencement of the action; that on the 3d day of May, 1889, the defendant, in the presence and hearing of divers persons, falsely and maliciously spoke and published of and concerning the plaintiff that she had been unchaste before her marriage, had become pregnant, and that she had a miscarriage on the evening of the wedding day, and further, that the plaintiff's first child, which was born more than a year after the marriage, was begotten by one Dr. Buck, a man other than plaintiff's husband; that "by reason of the publication and utterance of said false and malicious words

by the defendant the affections of plaintiff's said husband were and are alienated, her domestic peace and happiness are destroyed, and plaintiff has been deprived of her home, her means of support, her peace of mind, and her bodily health, and that she is damaged in her reputation, to her damage in the sum of $3,000." In the second cause of action it is stated that the defendant accused plaintiff of being at a neighbor's house "on a whoring scrape," or "committing adultery;" that "by reason of the utterance and publication of said false and malicious words by the defendant the affections of plaintiff's said husband were and are alienated, her domestic peace and happiness are destroyed, and plaintiff has been deprived of her home, her means of support, her peace of mind, and her bodily health, and that she is damaged in her reputation, to her damage in the sum of $3,000." In the third count of the petition it is stated that defendant charged plaintiff with adultery committed with a man in the employ of the husband, and with living with the hired man in a state of adultery, and that the husband caught the plaintiff and employe in the act of adultery, and concludes that "by reason of the speaking and publishing of said false and malicious words by the defendant the affections of plaintiff's said husband were and are alienated, her domestic peace and happiness are destroyed, and plaintiff has been deprived of her home, her means of support, her peace of mind, and her bodily health, and that she is damaged in her reputation, to her damage in the sum of $4,000." The following motion was filed by defendant:

"Comes now the defendant and moves the court to strike out of the first cause of action in the plaintiff's petition the words following, to-wit, commencing on the twenty-fourth line of the said first cause of action: ' The affections of plaintiff's said husband were and are alienated, her domestic peace and happiness are destroyed, and plaintiff has been deprived of her home and means of support,' for the

reason that the same are redundant, immaterial, and irrelevant.

"2. We further move the court to strike out of the second cause of action of plaintiff's petition, commencing on the tenth line thereof, the following words, to-wit: 'The affections of plaintiff's said husband were and are alienated, her domestic peace and happiness are destroyed, and plaintiff has been deprived of her home, her means of support,' for the reason that the same are redundant, immaterial, and irrelevant.

" 3. We further move the court to strike out of plaintiff's petition the following words, to-wit, commencing on the fourteenth line of the third cause of action: 'The·affections of plaintiff's said husband were and are alienated, her domestic peace and happiness were destroyed, and plaintiff has been deprived of her home, her means of support,' for the reason that the same are redundant, irrelevant, and immaterial."

On hearing, the motion was overruled, to which counsel for defendant excepted. The answer was then filed on behalf of defendant, in which the allegations of the petition in regard to the marriage of plaintiff with Oscar G. Case and the existence of the marriage relation at the beginning of the suit, and that before such marriage the plaintiff was an unmarried woman, were admitted and each and every other allegation of the petition was denied. There was a trial of the issues to the court and a jury, resulting in a verdict for plaintiff in the sum of $4,750, and on hearing of defendant's motion for a new trial the plaintiff was required to remit from the amount of the verdict the sum of $2,250, or a new trial was awarded the defendant. The plaintiff made a remittitur of the amount required and the motion for new trial was overruled and judgment rendered in favor of plaintiff for $2,500, and on behalf of defendant the case is presented to this court for review.

The first assignment of error to which our attention is

directed by counsel in their argument is that the trial court
erred in overruling the motion of defendant to strike out
of each count of the petition what was claimed to be im-
material, redundant, and irrelevant matter, being all that
portion of each count in which the alienation of the affec-
tions of plaintiff's husband, the destruction of her domes-
tic peace and happiness, and deprivation of her home and
means of support were stated as elements of damages re-
sulting from the alleged slanderous words spoken of plaint-
iff by defendant. We think that the framer of the petition
meant by the portions of the petition attacked by the mo-
tion to state, and, by a fair construction of the words em-
ployed, did state, that the plaintiff was deprived of the
conjugal society of the husband ; that he did not live with
her or support her, or that they were separated as a result
of the alleged slanderous reports. The counsel for defend-
ant insist that this was not a reasonable and probable con-
sequence of the utterance of the slanderous words charged,
and is not and cannot be considered as an element of dam-
ages. With this contention we cannot agree. It is true that
the separation may be and is the act of the party who in
belief of the reports feels wronged, but the moving cause
for such act, and without which it would not occur, is the
effect of the slander upon the mind directly inducing such
action. The wrongful act of the slanderer is the cause of the
wrongful act of the husband or wife injured, and it is not
only natural, but reasonable that a husband or wife, upon
knowledge of such reports as were the basis of this suit,
and a belief of them, should and does deny to the one to
whom they attach or apply conjugal rights and duties, and
we can discover no true reason for denying the party, in
this case the wife, a remedy against the one who caused
the injury, the slanderer. Such was the conclusion reached
by Lord Campbell in the case of *Lynch v. Knight,* 9 H. L.
[Eng.], 577. (See, also, Cooley, Torts, note to pages 227,
228 ; *Hodgkinson v. Hodgkinson,* 43 Neb., 269.) Of the

cases cited by counsel for defendant to sustain their view of the question involved is that of *Georgia v. Kepford,* 45 Ia., 48, an action of slander in which it was alleged that the defendant falsely charged plaintiff, who was a married man, with the crimes of adultery and larceny, and in consequence thereof the plaintiff's wife abandoned him and refused to live with him. The court held: "Desertion of the husband by the wife in consequence of the publication of a charge against him of larceny and adultery is not such a natural and proximate consequence of a slander as to entitle him to special damages therefor;" but also stated: "*Semble,* that if the charge had been made for the purpose of inducing the desertion, special damages would have been recoverable therefor." A comparison of the reasoning employed in the Iowa case with that in the case of *Lynch v. Knight, supra,* convinces us of the superiority of the arguments used in the latter, and the soundness of the conclusion therein reached. We will, therefore, adopt and follow them; and where proof is made of the publication of the slanderous reports, and it is also proved that the desertion of the husband or wife resulted as a consequence thereof, the injured party is entitled to compensation or damages for such desertion.

Another assignment of error is that the court erred in refusing to give to the jury instruction numbered 3 requested by defendant. The instruction referred to reads as follows: "The jury are instructed that in this case they cannot assume or infer any damages except such as are the direct and immediate result of the slanderous words spoken and published. The loss of the plaintiff's home, the alienation of the affections of her husband, domestic peace and happiness, and bodily health are not such direct and immediate results; but before any damages can be allowed for such loss it must be established by a preponderance of the evidence, and must be proved to have been occasioned by the speaking and publishing of the slanderous words charged

and offered in this cause." To arrive at a just conclusion
in regard to this alleged error it will be necessary to notice
a portion at least of what the trial court did, or rather failed
to do, when instructing the jury in reference to the claim
of the plaintiff for damages, in so far as the elements of in-
jury alluded to in the instruction quoted were involved, or
should have been noticed. In charging the jury the court
first gave a summarized statement of each of the three
causes of action and in each made no reference to the ele-
ments of damages claimed by the plaintiff as alleged in
full in each cause of action in the petition, but closed it
by saying: "by reason of which the plaintiff claimed dam-
ages in the sum of $3,000," and in one $4,000, and then
further said: "The jury are instructed that the material
allegations of the petition are the following," and after
first, second, etc., relating, in regular order, to the publica-
tion of the slanders of the plaintiff, their falsity, etc., in
the fifth gave as one of the material allegations, "that by
reason thereof the plaintiff has been damaged in her rep-
utation," here again entirely omitting the plaintiff's claim
of damages for loss of society of the husband and loss of
home, etc., and in no portion of the charge is any refer-
ence made to these elements of the plaintiff's claim for dam-
ages, except in the instruction numbered 18 this general
one appears: "If from the evidence in the case and under
the instructions of the court the jury find the issues for
the plaintiff and that the plaintiff has sustained damages
as charged in the petition," followed by directions as to the
manner of estimating damages. Here the jury were plainly
informed that they might consider and find upon the ques-
tion of damages, under all the allegations of the petition in
that respect, and no other, further, or different mention or
reference was made to or of the elements of damages to
which it was sought to direct their attention by the instruc-
tion numbered 3 requested on behalf of defendant. The
evidence discloses that the plaintiff and her husband had

"difficulties," and during cross-examination she was asked the question: "You have left him?" meaning her husband, and she answered, "Yes, sir," and there is a lack of any direct evidence to show that it was by reason of the alleged slanderous reports that the separation of plaintiff and her husband ensued. We are convinced from a consideration of all the evidence introduced bearing upon this branch of the case, coupled with its being almost entirely ignored in the instructions as given, that it was error to refuse the one tendered by the defendant. To fairly submit the case to the jury an instruction in regard to this particular portion of it was necessary, and none being prepared and given by the court on its own motion and one offered by the defendant, the party to whose prejudice the failure to so instruct would operate, it was error to refuse to give it, and which we cannot say was without prejudice to the substantial rights of defendant.

The court, on consideration and determination of the motion for new trial, evidently concluded that the verdict was excessive and ordered a remittitur of the sum of $—— therefrom, which was made by the plaintiff. It is claimed by defendant that it was an error on the part of the court to so rule; that it should have set the verdict aside and ordered a new trial upon becoming convinced that the verdict was too large. It is also urged that the verdict should have been set aside on the grounds of misconduct of counsel for plaintiff during the closing argument to the jury, consisting of statements then made by the attorney. A discussion of these two alleged errors is not necessary to a decision of the case, and as there must be a new trial granted because of the error hereinbefore indicated, and these, if errors, will probably not occur again if a new trial takes place, we will not further notice them.

Objections were made to certain of the instructions given by the court on its own motion and are now urged in this court. An examination of the instructions which it is

claimed are erroneous leads us to the conclusion that some
of them are somewhat imperfect in their statements of the
matters sought to be presented to the jury and of the rules
for their guidance, and some are not very skillfully drawn,
but we do not think they are open to the objections urged
against them, and as a new trial must be awarded we will
leave to the trial court, in the event of such new trial, the
task of revising and correcting any of the instructions
now in the case which it may desire to use.

The counsel for defendant, in noticing alleged errors i t
the admission of testimony, make the following state-
ment: "We contend that the court erred in admitting the
evidence in response to questions numbered 30, 31, 33, 38,
41, 50, 51, 60, 68, and 70 respectively, and especially the
questions which asked for general conversations, and the
conduct of Oscar G. Case, the husband of defendant in
error, and the arrangements made with a view of keeping
watch over the conduct of the defendant in error," and
proceeds with an argument directed generally against all
the testimony elicited in answer to the questions enumer-
ated, and not any particular portion of it. This evidence
was, in the main, in relation to conversations between the
witness and defendant, portions of which were about mat-
ters directly in issue, and at least one of which occurred
in the presence and hearing of plaintiff's husband. To
the extent that the testimony disclosed that an arrange-
ment was made by which the witness and others were to
watch the conduct of plaintiff, it was competent, for it was
further disclosed that it was made by and with the consent
and probably at the solicitation of the husband and son,
although the mother, judging from what appears on this
point in the testimony, was the most active and effective
worker in perfecting such arrangements. This evidence
clearly tended to show the condition of the husband's feel-
ing toward his wife and was material and competent.

On the subject of evidence and errors claimed to have

been committed by the trial court in ruling upon its admissibility, the counsel for defendant further state in the brief: "The evidence elicited to questions 292, 293, 294, 295, 296, 297, 298, 299, 300, 301, 302, 330, 332, 333, 334, 335, 336, 337, 339, 340, 342, 343, and 381 should have been excluded by the court," and this is followed by a general argument as to admissibility of evidence given in answers to interrogatories numbered in the record as indicated in the statement quoted and without reference to any particular portion or portions of it. A large part of this testimony, considered as a whole, as counsel for defendant elected to argue and present it for examination, related to the life of plaintiff and husband from the date of marriage to the time of their trouble and separation, and without doubt some of it was incompetent and immaterial and some proper and relevant, but, as we view it, none of this portion prejudicial to the rights of defendant. Other portions of this testimony which referred to conduct and acts of the husband prior to the dates of the alleged slanders tended to show an estrangement of his affections from the wife and transfers of his property which were made prior to such dates, and all of which might have been considered, and probably were, by the jury in estimating the damages to be awarded plaintiff, were not proper and should have been excluded and their admission was error.

Counsel for defendant also argue an objection to question numbered 150 in the record and the answer thereto. The portion of this answer by which it appeared that the witness then giving testimony went to the place therein indicated, at the solicitation of plaintiff's husband to watch her, was competent as tending to disclose the state of the husband's feelings toward the wife. The judgment of the lower court is reversed and the cause remanded.

REVERSED AND REMANDED.