ISAAC E. EMERSON, Trading as The Emersonian Apartments, and CHARLES F. W. BERNDT

*vs.*

RACHEL TAYLOR.

*Married women: suits for injuries to husband; loss of support and consortium.*

A wife can not recover damages on account of personal injuries to her husband whereby she sustains the loss of his support and *consortium* and is compelled to care for him while sick; a declaration based on such a claim is demurrable.        p. 196

*Decided June 20th, 1918.*

Appeal from the Baltimore City Court. (HEUISLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER and STOCKBRIDGE, JJ.

*Aubrey Pearre, Jr.* (with whom were *Barton, Wilmer & Stewart* on the brief), for the appellants.

*Augustus C. Binswanger* (with whom was *Louis Samuels* on the brief), for the appellee.

STOCKBRIDGE, J., delivered the opinion of the Court.

This suit is an action by a married woman to recover damages for the loss of *consortium* resulting from an injury to the husband occasioned by the negligence, as alleged, of the defendants. No other element of damage to the plaintiff is claimed. She suffered no physical injury.

The husband, a hod carrier by occupation, was employed as one of the hands in the building of an apartment house under construction by the appellants. An elevator which ran from the six to the first floor became beyond control, as the result of which the plaintiff's husband was thrown down, suffered severe contusions, the breaking of his right leg, and was confined to a hospital for a period of four months. For the injury suffered, if due to the negligence of the defendants, he had a right of action. Whether he did as matter of fact present any claim for these injuries, and if so, what was the ultimate disposition of it, does not appear from the Record, but any claim of this character for the injury suffered was a claim of his and not of his wife.

The sole basis for her claim rests in the loss of *consortium* consequent upon the injury.

A demurrer was filed to the declaration, which was overruled. The defendants declined to plead, a judgment by default for lack of a plea was entered against them, and an inquisition found in favor of the wife, upon which a judgment for $50 was entered. Such is the case presented in this Court by the Record.

The appeal, therefore, calls in question only the ruling of the Baltimore City Court upon the demurrer to the declaration, and this presents but a single question of law.

It was well settled at common law that for personal injuries to a husband no right of action arose in favor of the wife, but with the advance of the law in the direction of according greater rights to married women, and more nearly placing her upon a footing of equality with her husband, and espe-

cially since the adoption in many of the States of this country of the so-called "Married Woman's Act," the claim is made that a change has taken place in the right of a married woman to sue and recover separately from her husband for damages which she may suffer.

The case has been presented with much fullness of research into the adjudications, and large numbers of the cases were referred to in the argument and cited upon the briefs. The present accepted rule of law will be found accurately and concisely stated in 13 R. C. L. 1443, where many of the cases are referred to. It is sometimes said that there is great conflict of opinion in the conclusions reached in the various cases.

A close examination of the adjudications discloses that these groups themselves under several distinct heads, the differences of opinion arising, as was said in the case of *Wolf* v. *Frank,* 92 Md. 138, "from the source from which the married woman acquires the right, rather than whether the right existed at all." In the case just mentioned the suit was brought by a married woman to recover damages for the alienation of the affections of her husband, and this Court held that the law can not make redress in such cases otherwise than to the married woman solely, apart from all others, and especially her husband. In such cases the injury to the woman is direct, and hence of legal necessity the damages must be to her solely, and, therefore, the suit can be maintained in her own name.

In some of the cases of this description, the basis upon which the recovery is allowed is that an injury of this character involves the legal idea of malice, even if there be no actual malice; that the husband can not be said to have been damaged, or have recovery therefor, and that, therefore, a suit by a married woman alone in cases of alienation of affections, enticement or seduction of the husband, are held to give the wife the right of action. This right of action sustained in *Wolf* v. *Frank, supra,* is said in some of the cases

to have been a right existing at common law, as well as under married women's statutes, but however this may be in this class of cases it is a rule which has been adopted quite generally, of which the following cases are examples: *Bassett v. Bassett,* 20 Ill. App. 543; *Tucker v. Tucker,* 74 Miss. 93; *Hodgkinson v. Hodgkinson,* 43 Neb. 269; *Gernerd v. Gernerd,* 185 Pa. St. 233; *Westlake v. Westlake,* 34 Ohio St. 621; *Jaynes v. Jaynes,* 39 Hun. 40; *Logan v. Logan,* 77 Ind. 558 (*contra*); *Duffies v. Duffies,* 76 Wis. 374 (*contra*); *Lonstorf v. Lonstorf,* 118 Wis. 159; *Jacobson v. Siddal,* 12 Or. 280 (*crim. conv.*); *Seaver v. Adams,* 66 N. H. 142; *Bennett v. Bennett,* 6 L. R. A. 553; *Warren v. Warren,* 14 L. R. A. 545; *Clow v. Chapman,* 125 Mo. 101; *Nolin v. Pearson,* 4 L. R. A. (n. s.), 643; *Work v. Campbell,* 164 Cal. 343; *Rott v. Goehring,* 157 N. W. 294; *Wolf v. Frank,* 92 Md. 138.

Analogy to this class of cases was attempted to be drawn from certain cases of slander or libel, but these cases are all cases where the suit · was by the husband for loss of the *consortium* of the wife, and of these the cases of *Garrison v. The Sun,* 207 N. Y. 1, is a good example. A right may exist in the husband which, notwithstanding the statute, is without a correlative right in the wife.

There is another class of cases upon which reliance has been placed by the appellee, namely, where in the suit of a married woman against a third party for loss of the *consortium* of her husband, the cause of the damage was the sale to the husband of liquor or noxious drugs. In some of these cases the sales, as testified to, were in direct violation of state statutes; in others the right to maintain such an action has been based upon special laws, generally described as civil damage acts, and in still a third class of cases it has been held that sale of such liquors or drugs, particularly when made after due notice and caution to the dealer, involves an element of malice for which no right of action subsists in the husband; that the damage to the wife is direct, not indi-

rect, and as such a recovery by her in an independent suit can be maintained. See *Flandermeyer* v. *Cooper,* 85 Ohio St. 327; *Moberg* v. *Scott,* L. R. A. 1917 D 732.

· In many of the cases cited in the argument the suits were actions brought by the husband for the loss of the *consortium* of the wife, and from these it has been argued that since the adoption of the Married Woman's Act there was the establishment of a complete parity of right upon the part of both husband and wife. The suits in which the Married Woman's Act have been considered, as affecting the right of action, are in part: *So. Railway* v. *Crowder,* 135 Ala. 417; *Clark* v. *Hill,* 69 Mo. App. 541; *Blaim* v. *Seitner,* L. R. A. 1905 D 524; *Marri* v. *Stamford Ry.,* 33 L. R. A. (N. S.) 1042; *Guevin* v. *Manchester Ry.,* L. R. A. 1917 C 410.

The most satisfactory discussion of this phase of the case will be found in *Kosciolek* v. *Portland L. R. & P. Co.,* 160 Pac. 132. The line of demarkation is there clearly drawn between cases such as find their origin in alienation of affection, and those which result from an act of negligence of a third party. The rule with regard to these latter is clearly stated in the section in 13 R. C. L. already referred to, and is expressed by Mr. Cooley in the first volume of his work on *Torts,* 3d Ed., page 474, as follows: "A wife can not recover damages on account of personal injury to her husband whereby she sustains loss of support and of *consortium* and is compelled to care for him while sick." See also, *Stewart on Husband and Wife,* sec. 429.

The statements of these authors are fully borne out by the following adjudicated cases: *Goldman* v. *Cohen,* 63 N. Y. S. 459; *Feneff* v. *N. Y. Cent. Ry.,* 203 Mass. 278; *Bolger* v. *Boston Elev. Ry.,* 205 Mass. 420; *Whitcomb* v. *N. Y., N. H. & H.,* 215 Mass. 440; *Gearing* v. *Berkson,* 223 Mass. 257; *Blaechinska* v. *Howard Mission,* 130 N. Y. 497, reversing 56 Hun. 322; *Stout* v. *Kansas City F. R. R.,* 172 Mo. App. 113; *Gambino* v. *Coal Co.,* 175 Mo. App. 653; *Patelski* v.

*Snyder,* 179 Ill. App. 24; *Smith* v. *Nicholas Bldg. Co.,* L. R. A. 1916 E 700; *Brown* v. *Kistleman,* 177 Ind. 692.

To quote at length from the opinions in the various adjudicated cases would protract this opinion to an unreasonable length, nor has it seemed worth while even to refer to the class of cases where actions have been brought in the joint names of husband and wife, or to suits for damages in cases where an assault has been committed upon the woman, and she has brought an independent suit for the injury sustained. Cases of these several characters are without bearing or influence upon the question now under consideration.

It will be apparent from what has been said that the Court below was in error in its ruling upon the demurrer, and the judgment appealed from must, therefore, be reversed, without a new trial.

*Judgment reversed, with costs to the appellant.*