HUGHES ET AL. *v.* KAW INV. CO.

[91 South. 702. No. 22821.]

1. APPEAL AND ERROR. *Appeal bond is valid though executed and approved before entry of decree appealed from.*

An appeal bond is valid though executed and approved before the entry of the decree to be appealed from, and when the decree is entered will transfer the cause to the supreme court.

2. APPEAL AND ERROR. *Cause will not be dismissed for clerk's failure to file record in supreme court of decree entered after giving of appeal bond.*

   Where a decree was rendered but not entered on the minutes of the court, and a bond for an appeal to this court was executed by the party against whom the decree was rendered, and there-after in vacation the chancellor made an order directing the clerk to enter the decree as rendered, the clerk should file the re-cord in this court; but the case will not be dismissed because of his failure so to do, though he was instructed not to so file the record by counsel for the appellant, who acted in good faith, under the mistaken belief that both the bond and order of the chancellor were void, provided no harm has resulted to the ap-pellee from the delay.

APPEAL from chancery court of Hinds county.

HON. V. J. STRICKER, Chancellor.

Suit between E. J. Hughes and others and the Kaw Investment Company, and from a decree therein the former appeals. On motion to docket and dismiss. Motion overruled provided a writ of *certiorari* is applied for at once.

*Teat & Potter*, for motion.

*W. E. Morse*, opposed.

SMITH, C. J., delivered the opinion of the court.

This is a motion to docket and dismiss from which and the affidavits filed in support of and in opposition thereto the following facts appear: The cause was tried at the January term of the court below, and a decree was rendered against the appellants, but not entered on the minutes of the court. On February 5th the appellants, not knowing that the decree had not been entered of record, executed an appeal bond. On March 4th the chancellor in vacation, at whose request does not appear, signed a decree, disposing of the cause in accordance with the decree rendered, but not entered on

the minutes in January, and directed the clerk "to enter this decree *nunc pro tunc.*" The record was due in this court on May 1st, and this motion was filed on May 2d.

The reason the clerk of the court below has not filed the record in this court is that he was instructed not to do so by counsel for the appellant. He states that his reason for so doing was that he is of the opinion that both the appeal bond and vacation order of the chancellor are void, and the cause is still pending in the court below. •

An appeal bond is valid though executed and approved before the entry of the decree to be appealed from; and when the decree is entered will transfer the cause to the supreme court. *James* v. *Woods,* 65 Miss. 528, 5 So. 106. A chancellor has the authority under some circumstances to enter orders and decrees in vacation from which appeals will lie here from the decree or order made by the chancellor in vacation, the validity of which will be decided when the cause is presented on its merits. Counsel for the appellants should not have directed the clerk not to send the record up, but as it appears that he acted in good faith in so doing, and since no material harm has resulted to the appellee therefrom, the motion to dismiss will be overruled, provided the appellants will at once apply for a writ of *certiorari,* directing the clerk of the court below to send up the record; otherwise the motion will be sustained.

Motion overruled, provided a writ of *certiorari* is applied for at once.

*Motion overruled.*