Nash *v.* Mobile & O. R. Co.*

(Division B. March 19, 1928.)

[116 So. 100. No. 26944.]

HUSBAND AND WIFE. *Notwithstanding emancipation statute, married woman has no cause of action for loss of consortium through negligent injury of husband (Hemingway's Code 1927, section 2185).*

A married woman cannot recover for loss of consortium from mere negligent injury of her husband, she having no such cause of action at common law, and Code 1906, section 2517 (Heming-

way's Code 1927, section 2185), emancipating her from all disabilities on account of coverture, giving her none.

*Corpus Juris-Cyc. References: Husband and Wife, 30CJ, p. 973, n. 62; On the general rule as to wife's right of action for loss of consortium, see annotation in 24 L. R. A. (N. S.) 1024; L. R. A. 1916E 703; 5 A. L. R. 1049; 18 A. L. R. 882; 37 A. L. R. 897; 13 R. C. L. 1444; 4 R. C. L. Supp. 862; 6 R. C. L. 787.

APPEAL from circuit court of Lowndes county.
HON. J. I. STURDIVANT, Judge.
Action by Angie Nash against the Mobile & Ohio Railroad Company. Judgment for defendant, and plaintiff appeals. Affirmed.

*Guy J. Rencher,* for appellant.

Under the statutes and constitution, in the state of Mississippi, woman has been emancipated, having all the rights, duties and responsibilities touching the ownership and control of property as a man. Now then, if this be true, can the wife recover for the loss of consortium of her husband? The wife is just as much entitled to the social relations with her husband as the husband is to these relations with the wife. Our court held in *Brahan* v. *Meridian L. & R. R. Co.,* 121 Miss. 269, that under our statutes the husband could recover for the loss of the consortium of his wife, notwithstanding the fact that Mrs. Brahan had recovered in the courts for her injury. The question presented by this case has never passed on by the supreme court of this state so far as we have been able to ascertain. When, by the negligence of a third party the husband has been damaged to such an extent as to deprive the wife of the enjoyment of his society, she, the wife, has thereby suffered a loss for which the husband cannot recover, because it is a loss to the wife and not a loss to the husband. The court held in the *Brahan case, supra,* that the husband could recover

under our statutes for the loss of the consortium of his wife, and we earnestly submit and insist that in view of the liberal statutes of emancipation of married women in Mississippi, there can be no valid reason why the wife should not be compensated for the loss of the consortium of her husband, if the husband could be compensated for the loss of the consortium of his wife.

We have been unable to find any case in point, but we do find the following quotation in brief for appellant, *Brahan case, supra,* page 276, to-wit: "No valid distinction can be drawn between the husband's right to recover for the loss of his wife's consortium, in cases growing out of the negligence of a third party, and the wife's right to recover for loss of the husband's consortium in like cases; neither can it make any difference that, in the case of the wife, the loss of consortium is or may be the sole ground of recovery, and in the case of the husband it is or may be one of several grounds of recovery," and we adopt this ground of reasoning as to our proposition.

*Carl Fox* and *Owen & Garnett,* for appellee.

Appellant's attorney does not contend that the Brahan case sustains his contention, but argues that the reasoning of that case should be extended to the case of a wife who sues for loss of consortium. In so doing, he argues for the creation by implication, or by judicial construction, of a new right in the wife, where no such right had before existed. Two cases relied on by the defendant in the Brahan case, were mentioned in the opinion of the court: *Marri* v. *R. R. Co.,* 78 Atl. 582, in which the supreme court of Connecticut denied the right of the husband to recover for loss of consortium; and *Feneff* v. *R. R. Co.,* 89 N. E. 436, in which the supreme court of Massachusetts denied the right of the wife to recover for such loss. This court said it would not follow the Marri case because it was against the overwhelming weight of

authority; and the only reference it made to the Feneff case was to say it was a "Massachusetts case in which the wife sued for injuries to her husband." The basis of the decision in the Brahan case is the husband's common-law right to the services of his wife in their home, and legislation removing disabilities of coverture had not impaired that right, said the court. We now insist that just as modern legislature did not deprive the husband of his common-law right, so it did not create in the wife a right which never existed at common law.

It was settled at common law that for personal injuries to a husband no right of action arose in favor of his wife. The reasons why she could not recover were: (1) Double damages might thereby be recovered from the same defendant, for in an action by the husband he could recover for being incapacitated to care for, associate with, and protect her, as well as being deprived of his right to consort with her; (2) a negligent injury to the husband affects the wife only indirectly or collaterally, calling for mere compensatory damages, which the husband while living, or his personal representative after his death, could collect, thus settling the grievance once for all, and when damages were collected the wife was supposed to receive some benefit from them. *Emerson* v. *Taylor,* 104 Atl. 538; *Kelly* v. *N. Y. R. Co.,* 46 N. E. 1063; *Feneff* v. *N. Y. C. R. Co.,* 89 N. E. 436; *Brown* v. *Kistleman,* 98 N. E. 631; *Tobiassen* v. *Polley,* 114 Atl. 153; *Kosciolek* v. *Portland R. Co.,* 160 Pac. 132; *Bernhardt* v. *Perry,* 209 S. W. 426; *Gambino* v. *Mfg. Coal Co.,* 158 S. W. 77; *Stout* v. *K. C. Term. Co.,* 157 S. W. 1019; *Smith* v. *Nicholas Bldg. Co.,* 112 N. E. 204.

The unanimous weight of authority is to the effect that legislation removing common-law disabilities, permits her to sue for a direct invasion of her right of consortium as for alienation of the husband's affections, or for his enticement, or seduction; for in such instances the wrong was directed against her; and as the husband was a par-

ticipant in the wrong, unless the wife could sue, there could be no suit. But for an injury negligently inflicted upon the husband, there was no intentional wrong directed against her; the injury to her, if any, was not direct, but consequential or collateral, and in such case the law goes no further than to allow compensation for the impairment or injury directly done, that is, to the husband.

Court after court, construing "emancipation acts" as liberal as our own, has said that such legislation did not create in the wife a substantive right of action where there had been none before, but merely empowered her to protect that which was already hers. As was held in the Brahan case, the husband was entitled to her services in the home, and could sue for the loss of those services caused by the negligent act of another, because that was his common-law right, of which the "emancipation acts" had not deprived him; but that case cannot fairly be extended so as to create in her a right to sue for a wrong not directed against her, and in which her damage is consequential or collateral. 13 R. C. L., 1443, sec. 493; *Emerson* v. *Taylor,* 104 Atl. 538; *Kosciolek* v. *Portland Ry. L. & P. Co.,* 160 Pac. 132; *Cravens* v. *L. & N. R. Co.,* 242 S. W. 628; *Goldman* v. *Cohen,* 63 N. Y. Supp. 459; *Brown* v. *Kistleman,* 98 N. E. 631; *Feneff* v. *N. Y. C. & H. R. R. Co.,* 89 N. E. 436; *Bernhardt* v. *Perry,* 26 S. W. 463.

The Married Women's Act of Missouri, as construed in *Bernhardt* v. *Perry, supra,* is fully as liberal and far reaching as the Mississippi statute on the same subject, and it may be noted that the Missouri court reasoned its way to a conclusion without citation of the decisions of other courts; and yet it reached the same conclusion that all the other courts in construing similar acts have reached, and denied the plaintiff the right to recover for the swarm of calamities which she insisted had been visited upon her because of her husband's injury. *Smith*

v. *Nicholas Building Co.,* 112 N. E. 204; *Neiberg* v. *Cohen,* 92 Atl. 215; *Tobiassen* v. *Polley,* 114 Atl. 153; *Hinnant* v. *Tide Water Power Co.,* 126 S. E. 307. The overwhelming weight of authority warrants us in saying: That courts in every section of this country have drawn a distinction between the husband's right to recover for loss of consortium growing out of the negligent injury of the wife, and the wife's right to recover for the negligent injury of the husband. That she had no such right to his services at common law, and, therefore, could not recover for loss of consortium as a result of injury negligently inflicted upon him. In return for her services in the home she was entitled to look to him for support and maintenance, and when he recovered damages for injury as a result of negligence, he, from the viewpoint of the law, was made whole, and thereafter was able to perform all his marital obligations to her the same as before his injury, and thus his wife and children shared the benefits of his recovery. If after he had legally been made whole he failed in his duty, her remedy was against him, not against the author of his injury. That the law compensates for direct damages sustained as a result of negligence, but not for remote, consequential or collateral damages, which could not reasonably have been anticipated, or within the contemplation of the parties at the time of the injury, and that impairment of the value and satisfaction of the wife's consortium with the husband as a result of his injury, is not such an injury as could fairly be held to be the direct and proximate consequence of the injury to him.

PACK, J. Cecil Nash, husband of appellant, sustained a personal injury due to one of appellee's trains colliding with his automobile at a crossing. He recovered a judgment against appellee for his injury, and same was paid. Appellant, his wife, later filed this suit. She suffered no physical injury, but alleged in her declaration that the

injury to her husband almost totally destroyed his hearing, "thereby causing plaintiff to lose the social pleasure and relations and companionship of her husband, making it impossible for plaintiff to carry on and enjoy communication by and with her husband through ordinary conversational tones, and making it impossible, since said injury, for the plaintiff to enjoy private and sacred conversation with her husband." The plaintiff, appellant here, proceeded upon the theory that she is entitled to damages *per quod consortium amisit.*

Appellee challenged her right to recover by demurrer to the declaration, which was, by the trial court, sustained.

Appellant declining to plead further, final judgment was entered for appellee.

The sole question to be determined is the right of appellant to recover for loss of consortium, based upon facts as above set out. Appellant cites no authority in support of her contention, but invokes, by analogy, the doctrine enunciated in *Brahan v. Meridian L. & Ry. Co.,* 121 Miss. 269, 83 So. 467. This case held that the husband could recover in actions for loss of consortium, and the court, speaking through Judge ETHRIDGE, said:

"We think it is clear from the authorities that the husband may recover for such injuries as result in loss to him inflicted upon his wife even where the statutes allow the wife to recover for injuries to herself in her own name, as our statute does. Construing our statutes on husband and wife as a whole, we are satisfied that the plaintiff was entitled to recover for consortium, and that the court below erred in excluding from the jury this element of damages. We do not think the statute was intended to displace the husband as the head of the family, nor affect his rights to the domestic services which the wife renders, or would render but for her injuries."

Section 2185, Hemingway's 1927 Code (section 2051, Hemingway's 1917 Code; section 2517, Code of 1906), reads as follows:

"Married women are fully emancipated from all disability on account of coverture; and the common law as to the disabilities of married women and its effect on the rights of property of the wife, is totally abrogated, and marriage shall not impose any disability or incapacity on a woman as to the ownership, acquisition or disposition of property of any sort, or as to her capacity to make contracts and do all acts in reference to property which she could lawfully do if she were not married; but every woman now married, or hereafter to be married, shall have the same capacity to acquire, hold, manage, control, use, enjoy, and dispose of all property, real and personal, in possession or expectancy, and to make any contract in reference to it, and to bind herself personally, and to sue and be sued, with all the rights and liabilities incident thereto, as if she were not married."

At first, it would probably seem anomalous to hold that a husband may maintain such suit and a wife be denied an equal right. It is seldom, however, that we find a principle of law so universally settled and by authorities from jurisdictions with as liberal statutes emancipating women from common-law disabilities as our Code section, *supra.*

Our state was the first to lift womanhood from the shackles that bound her to many rigors of the common law. The statute quoted here did not create in the wife a new right of action for loss of consortium, which never existed at common law. It could have done so, but it did not. The husband had such right, and the legislation removing the disabilities of coverture left his right unimpaired.

Keeping in mind the source from which the wife acquires the right, rather than whether the right existed at all, we should have no difficulty in reconciling the apparent conflict of cases seemingly akin to the case at bar.

In *Emerson* v. *Taylor,* a well-reasoned case from Maryland Court of Appeals, 133 Md. 192, 104 A. 538, 5 A. L. R. 1045, it is said:

"A close examination of the adjudications discloses that these group themselves under several distinct heads; the differences of opinion arising, as was held in the case of *Wolf* v. *Frank,* 92 Md. 138, 48 A. 132, 52 L. R. A. 102, from the source from which the married woman acquires the right, rather than whether the right existed at all. In the case just mentioned the suit was brought by a married woman to recover damages for the alienation of the affections of her husband, and this court held that the law cannot make redress in such cases otherwise than to the married woman solely, apart from all others, and especially her husband. In such cases, the injury to the woman is direct, and hence of legal necessity the damages must be to her solely, and therefore the suit can be maintained in her own name. In some of the cases of this description, the basis upon which the recovery is allowed is that an injury of this character involves the legal idea of malice, even if there be no actual malice; that the husband cannot be said to have been damaged, or have recovery therefor, and that, therefore, a suit by a married woman alone, in cases of alienation of affections, enticement, or seduction of the husband, are held to give the wife the right of action. This right of action, sustained in *Wolf* v. *Frank, supra,* is said in some of the cases to have been a right existing at common law, as well as under married women's statutes; but, however this may be, in this class of cases it is a rule which has been adopted quite generally, of which the following cases are examples: *Bassett* v. *Bassett,* 20 Ill. App. 543; *Tucker* v. *Tucker,* 74 Miss. 93, 19 So. 955, 32 L. R. A. 623; *Hodgkinson* v. *Hodgkinson,* 43 Neb. 629, 61 N. W. 577, 27 L. R. A. 120, 47 Am. St. Rep. 759; *Gernerd* v. *Gernerd,* 185 Pa. 233, 39 A. 884, 40 L. R. A. 549, 64 Am. St. Rep. 646; *Westlake* v. *Westlake,* 34 Ohio St. 621, 32 Am. Rep. 397; *Jaynes* v. *Jaynes,* 39 Hun. 40; *Logan* v. *Logan,* 77 Ind. 558, *contra; Duffies* v. *Duffies,* 76 Wis. 374, 45 N. W. 522, 8 L. R. A. 420, 20 Am. St. Rep. 79; *Lonstorf* v. *Lon-*

*storf,* 118 Wis. 159, 95 N. W. 961; *Jacobsen* v. *Siddall,* 12 Or. 280, 7 P. 108, 53 Am. Rep. 360," and many others.

The right of the wife to sue in this sort of case, that is, for alienation of affections, is well recognized. It is a direct wrong to her. The case at bar cannot be so classified.

In 13 R. C. L. 1443, section 493, we find the following clear statement of the rule:

"In the United States it is the better view that though a wife is given the right to sue alone for injuries affecting her rights, and though she has such a legal right in the so-called 'consortium' of her husband that she may have a right of action against a third person when such right is directly invaded, yet, in the case of a personal injury inflicted upon a husband by the negligent act of another, though such act indirectly results in the loss or impairment of her right of consortium, and the ability of the husband to support her, she cannot maintain an action therefor; the remedy for such wrong is to be redressed solely by an action by the husband to recover his damages; and the wrong to the wife which may be redressed by her action for loss of consortium or support is restricted to those which have a direct tendency to deprive the wife of her right in this respect."

We notice some of the cases in our sister states which have equally as liberal statutes as our own. The supreme court of New Jersey in *Tobiassin* v. *Polley,* 96 N. J. Law, 66, 114 Atl. 153, held as follows:

"The weight of authority to be gleaned from the reported cases in our sister states is that a wife cannot maintain an action in her own name for the loss of her husband's services, including the right of consortium, resulting from personal injury to him caused by the negligence of a stranger, and not the result of a malicious interference with the society, companionship, and right of consortium of her husband. It was so held in the following cases: *Smith* v. *Nicholas Bldg. Co.,* 93 Ohio St.

101, 112 N. E. 204, L. R. A. 1916E, 700, Ann. Cas. 1918D, 206; . . . *Brown* v. *Kistleman et al.,* 177 Ind. 692, 98 N. E. 631, 40 L. R. A. (N. S.) 236; . . . *Emerson et al.* v. *Taylor,* 133 Md. 192, 104 A. 538, 5 A. L. R. 1045.''

In *Kosciolek* v. *Portland R. L. & P. Co.,* 81 Or. 517, 160 P. 132, the Maryland court held:

''This section does not confer upon the wife any new right of action. It only allows her admission to the courts as a suitor independent of her husband for the purpose of redressing the infringement of rights which she already had. It is only by virtue of statutes that any one has a chose in action not known to the common law.''

In *Cravens* v. *L. & N. R. Co.,* 195 Ky. 257, 242 S. W. 628, the court of appeals of Kentucky said in part:

''It is sufficient to say that it is settled by the decided weight of authority that, while the wife may recover for the loss of the consortium of her husband due to an intentional wrong or a direct attack on the marriage relation, as for the alienation of the husband's affections, and the like, . . . yet, in the absence of a statute conferring the right, no recovery can be had for the loss of consortium due merely to a negligent injury, and a married woman's act, giving her a right to hold separate property and to sue alone, confers no new right of action, but only the power to sue for the protection of rights which she already had.''

The supreme court of New York, in *Goldman* v. *Cohen,* 30 Misc. Rep. 336, 63 N. Y. S. 459, in part said:

''Her loss is that which usually occurs to a wife from the illness of a husband, in the deprivation of support and consortium, and the need of her personal care for him during his sickness. No case is cited where the wife recovered upon such a claim, and the absence of precedent, where such demands might have been numerous, if sustained by the law, goes far to the belief that such negligence has never yet been embraced within the circle of causes of action recognized by law, beyond the

right given to the injured one, and its survival to the consort and next of kin in the event of his death.''

The supreme court of Indiana in *Brown* v. *Kistleman*, 177 Ind. 692, 98 N. E. 631, 40 L. R. A. (N. S.) 236, quoting and approving the case of *Goldman* v. *Cohen, supra,* in its entirety, further held:

''In such cases, no question of negligence is involved. The recovery is for an injury intentionally inflicted, and is not limited to compensation, but may be for punitive damages as well. The question here involved has rarely been presented to courts of appeal, and, so far as we are able to discover, when presented, a recovery has been denied.''

Numerous other cases announcing the same views could be reviewed, but it would protract this opinion unnecessarily.

Dealing with the same question are *Bernhardt* v. *Perry*, 276 Mo. 612, 208 S. W. 462, 13 A. L. R. 1320, from the supreme court of Missouri; *Smith* v. *Nicholas Bldg. Co., supra; Nieberg* v. *Cohen,* 88 Vt. 281, 92 A. 215, L. R. A. 1915C, 483, Ann. Cas. 1916C, 476, from the supreme court of Vermont, all cited in appellant's exhaustive brief. The only case to the contrary that we have found after extended research is *Hipp* v. *Dupont de Nemours & Co.,* 182 N. C. 9, 108 S. E. 318, 18 A. L. R. 873, from the supreme court of North Carolina, decided in 1921. The same court four years thereafter, in *Hinnant* v. *Tide Water Power Co.,* 189 N. C. 120, 126 S. E. 307, 37 A. L. R. 889, reached the opposite conclusion, and while the latter case does not expressly overrule the former, yet in referring to the Hipp case, the court said:

''After diligent research, we have failed to find a single decision (apart from the intimation in *Hipp* v. *E. I. Dupont de Nemours & Co., supra*), which approves the wife's right to recover damages for the loss of consortium under the circumstances appearing in the instant case, and to sanction such right of recovery would be

tantamount to the recognition of a doctrine utterly at variance with the most enlightened judicial opinion prevailing in other jurisdictions.''

This effectually destroys the Hipp case as a precedent, and places that court in accord with the overwhelming weight of authority.

We conclude that section 2185 of our Code did not create in the wife a new cause of action for damages, predicated upon injury to her husband who survives such injury, which injury might involve the wife's loss of consortium of her husband. She was denied the right to sue for such damages under the common law. Until the legislature speaks through further enactment, we conceive it to be our duty to follow what seems to be the universal rule.

The court below was not in error in sustaining appellee's demurrer.

The judgment of the court below will be affirmed.

*Affirmed.*