## Dupe et ux. v. Hunsberger

*Donald S. McGonigal,* for plaintiffs.
*Wright, Mauck & Hawes,* for defendant.

KNIGHT, P. J., October 4, 1946.—The statement of claim avers that plaintiffs are husband and wife, and that the husband was struck by a truck driven by defendant after he, plaintiff husband, had fallen on the

bridge crossing the Schuylkill River between the Boroughs of Conshohocken and West Conshohocken.

The affidavit of defense raising questions of law challenges the right of plaintiff wife to join as a party plaintiff.

The only reason why the wife is joined as a party plaintiff appears in the 6th paragraph of the statement, which avers:

"By reason of the negligence of defendant, plaintiff Stella Dupe has suffered the loss of her husband's earnings, his companionship and affection."

In the Restatement of the Law of Torts—Interference with domestic relations, sec. 695, it is said:

"A married woman is not entitled to recover from one who, by his tortious conduct against her husband has become liable to him for illness or other bodily harm, for harm thereby caused to any of her marital interests or for any expense incurred in providing medical treatment for her husband."

This was the doctrine of the common law and no statute in Pennsylvania has given the wife a right of action for loss of services, earnings, companionship and affection of her living husband.

There seems to be but one case in Pennsylvania in which the question has ever been considered. In Stedman et al. v. Phillips, 36 Lackawanna Jurist 128, President Judge Leach decided that a wife cannot recover for the loss of the society and companionship of her husband from a person who injures said husband by his negligence.

This very dearth of authority, covering a situation which is very common in modern life, is persuasive evidence that no such right to damages as the wife here seeks to assert, exists. There are, however, many cases in other jurisdictions which unanimously support the declaration of the law as contained in the Restatement, supra.

A husband can, and from ancient times could, recover for the loss of consortium from one who negligently injured his wife, and in these days of the total emancipation of married women, it would seem at first blush that the wife should have the same right, but such is not the case.

Those who may be interested in the reason, history and background of the rule, as stated in the Restatement, are referred to the following authorities, all of which we have examined with interest: 27 Am. Jur. 114, sec. 514; Nash v. Mobile & O. R. Co., 149 Miss. 823, 116 So. 100, annotated and cases collected in 59 A. L. R. page 676; Emerson v. Taylor, 133 Md. 192, 104 Atl. 538, annotated in 5 A. L. R. 1045.

And now, October 4, 1946, the questions of law are decided in favor of defendant, and judgment is entered for defendant to the extent that the name of Stella Dupe is stricken from the pleadings as a party plaintiff.