Simpson et ux. *v.* Poindexter et al.

No. 41940          October 2, 1961          133 So. 2d 286

*Carl A. Chadwick,* Natchez; *William L. Koerber,* Vidalia, La., for appellants.

*C. L. Collins,* Natchez, for appellee, City of Natchez, Mississippi.

*Berger, Callon & Zuccaro, J. H. Keyer,* Natchez, for appellees, Earl F. Poindexter and Dennis Lewis.

JONES, J.

On May 28, 1960, Wendell Wayne Simpson and wife, Mrs. Wendell Wayne Simpson, filed their declaration against Earl F. Poindexter, Dennis Lewis and the City of Natchez. The declaration alleged that Poindexter and Lewis were policemen employed by the City of Natchez; that the duties of the policemen required them to serve not only as policemen but also to perform certain corporate functions; that for several months prior to the occurrence mentioned in the declaration the Mayor and Board of Aldermen of the City were apprised of, or should have been apprised of, the fact that said Poindexter and Lewis were dangerously hot-headed, belligerent, incompetent and unsuited for their employment.

The declaration alleged that on or about June 1, 1959, plaintiff, Wendell Wayne Simpson, was arrested by

said policemen on a misdemeanor charge, and while in the custody of said officers, the plaintiff, after arriving at the city jail and within the confines of the jail, was wilfully, without cause, justification, or provocation, severely and brutally beaten by said policemen, they using blackjacks, police sticks, clubs or fists, and that said beating occurred while the said Simpson was in a defenseless and helpless condition. After alleging his injuries, it further charged that because of said injuries the said Simpson now ambulates with a hemiplegic gait with great difficulty; is no longer able to perform work of any nature; is unable to lead a normal life, suffers extreme anguish, humiliation, frustration and despondency, and is in constant agonizing pain and suffering. It alleged that the said policemen and the City were liable and sought to recover damages for the said Simpson in the amount of $240,000.

In the same declaration, it was alleged that the injuries to the plaintiff, Wendell Wayne Simpson, had caused the other plaintiff, his wife, damages in the amount of $50,000, including loss of consortium, mental anguish, frustration and despondency. Judgment was sought against all the defendants for the said sum of $240,000 in favor of the husband and $50,000 in favor of the wife.

The City of Natchez filed a general demurrer, which was sustained, and the plaintiffs declining to amend, the declaration, insofar as the City of Natchez is concerned, was dismissed and an appeal granted to this Court.

The defendant policemen filed a motion to strike the declaration because it contained a misjoinder of causes of action. The two policemen also demurred, assigning as grounds that (1) plaintiff, Mrs. Wendell Wayne Simpson, states no cause of action; (2) the plaintiff, Wendell Wayne Simpson, states no cause of action and (3) the declaration states a misjoinder of causes of action.

The plaintiffs thereupon filed a motion alleging that the motion to strike and the demurrer of the two policemen were general, indefinite and uncertain; that the policemen did not specify what causes had been improperly joined, and consequently plaintiffs were unable to properly consider the merit thereof.

The matter came on for hearing before the court on July 12, 1960, and an order was entered reciting that the matter was heard on separate demurrer of the two policemen and on the plaintiffs' motion for a more specific assignment of cause, and the court having considered same, sustained the demurrer and gave the plaintiffs the right within thirty days to amend the declaration. On November 7, 1960, a final order was entered reciting that the thirty days granted plaintiffs to amend had expired without any amendment and the plaintiffs having refused to amend or plead further, the declaration was dismissed and the plaintiffs granted the right of appeal to this Court.

The plaintiffs filed bond on September 30, 1960, as provided by the order of the court, appealing as to the City of Natchez, and on October 5, 1960, filed bond appealing as to the policemen.

The final order as to the policemen had not been entered at the time of the filing of said bond and the defendant policemen have filed a motion herein to docket and dismiss the appeal as having been prematurely perfected.

It seems that thirty days after the original order of July 12th appellants forwarded to the circuit judge a final order dismissing the case and at the time the bond was filed were under the impression the order had been entered, when as a matter of fact it was not entered until November 7, 1960.

Of course, the circuit judge had announced in the previous order his ruling and we are overruling the motion to docket and dismiss on the strength of Hughes, et al

v. Kaw Investment Company, 129 Miss. 434, 91 So. 702; and James v. Woods, 65 Miss. 528, 5 So. 106.

■■■ The declaration showed unequivocably that the officers were acting in the performance of their duties as policemen and not in the performance of any corporate function. Insofar as the liability of the City of Natchez is concerned, this question is fully settled by Anderson v. Vanderslice, et al., 126 So. 2d 522, decided January 23, 1961, and the case in all respects is affirmed as to the City of Natchez.

■■■ The declaration joins a cause of action for personal injuries to the husband with an action for loss of consortium by the wife. The declaration, therefore, embraces two separate and distinct causes of action. Palmer v. Clarksdale Hospital, 213 Miss. 611, 57 So. 2d 476. Our Court has held in Nash v. M. & O. RR. Company, 149 Miss. 823, 116 So. 100, that the wife has no cause of action for loss of consortium because of injuries to the husband. However, the declaration sought to recover for same. The lower court, in sustaining the demurrer of the policemen, did not specify upon what ground the demurrer was sustained, but we are assuming that it was because of the joinder of the two causes of action. The declaration stated a good cause in favor of the plaintiff husband against the two policemen, but the attempt to join another distinct action therein rendered it bad as to form.

The lower court sustained the demurrer and gave plaintiffs thirty days within which to amend. On failure to amend, the suit was dismissed. The judge was correct in sustaining the demurrer of the policemen, however, inasmuch as this was not an adjudication on the merits but solely on form, and inasmuch as the declaration stated a good cause of action against the policemen and was defective only as to form, we are remanding the case and providing that the plaintiffs shall have fifteen days from receipt by the lower court of the man-

date of this Court within which to amend the declaration by eliminating therefrom the claim of the wife. Cf. Railway Co. v. McCerren, 75 Miss. 687, 23 So. 423.

Affirmed as to the City of Natchez; affirmed and remanded with leave to amend as to appellees Poindexter and Lewis; appeal costs taxed against appellants.

*Lee, P.J.,* and *Kyle, Gillespie* and *McElroy, JJ.,* concur.

## ON SUGGESTION OF ERROR

Appellants contend on suggestion of error that we erred in that the opinion referred to Nash v. M. & O. Railroad Co., 149 Miss. 823, 116 So. 100, which held that a wife has no cause of action for loss of consortium.

The basis of our decision that the lower court was correct in sustaining the demurrer was the joining of two causes of action in one suit. We said in the last paragraph that the adjudication was not on the merits, but solely on form. The reference to the merits of the action for loss of consortium was unnecessary to the decision of the case and should be treated as dictum.

The suggestion of error is without merit on the other questions therein raised, and, therefore, it is overruled.

Suggestion of error overruled.

*Lee, P.J.,* and *Kyle, Gillespie* and *McElroy, JJ.,* concur.