HECTOR W. MARTIN *vs.* UNITED ELECTRIC RAILWAYS COMPANY.

GABRIELLE MARTIN *vs.* SAME.

JUNE 20, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. These are two actions of trespass on the case by husband and wife to recover damages for personal injuries suffered by the latter as she was alighting from defendant's bus in the city of Woonsocket on June 6, 1944. The cases were tried together before a justice of the superior court sitting without a jury. The trial resulted in a decision for the wife for $1500, and in a decision for the husband for $767.70. Defendant's bills of exceptions are identical. All exceptions therein set forth were waived in open court except exception 19 in each case, which is that the damages awarded to the respective plaintiffs were excessive.

It appears in evidence that Gabrielle and her small child were passengers on the bus; that when the bus was stopped at her destination she proceeded to leave it by the rear entrance; that as she was on the outside step of the bus, leaning forward to help the child who was in front of her, the driver closed the outside folding doors, squeezing her between them; that, while she was so held, the bus started to move; that at or about that time a passenger shouted to the driver: "You got a lady caught in the door"; and that the driver thereupon immediately brought the bus to a stop and released Gabrielle from her predicament. Since the question of liability is not before us, this brief outline of the accident is sufficient for our purposes.

The plaintiff testified that, when the doors were suddenly closed upon her, she was struck in the region of the ribs and that before she was released the jolting of the bus caused her to strike her head violently against the sides of the folding doors. Shortly after she reached her home, she called a Mr. Swift, the then superintendent of the defendant's bus line in Woonsocket, and, after telling him that she had been injured on a bus of the defendant, asked him to send the company's doctor to her. Upon being informed that the

company had no doctor, she then called Dr. Guyon G. Dupre, her family physician. Mr. Swift did not testify.

Doctor Dupre testified that when he arrived Gabrielle was vomiting, in pain and in a highly nervous state, with headache and vertigo. A physical examination at that time revealed the following clinical conditions: bruising of the left chest wall; swelling of the right arm; tenderness in the regions just mentioned and in the lower back; swelling of the left occiput, without laceration of the scalp; and concussion of the brain. He further testified that the injury to her back was probably attributable to muscle strain, but that the bruising of the chest wall and the tenderness in that region were indicative of a fracture or fractures of the ribs. He therefore ordered X-ray photographs, which were taken two days later.

The X-ray report that Dr. Dupre received shortly thereafter stated that the sixth and seventh ribs were fractured anteriorly, without comment as to the time of origin of those fractures; and that the transverse process of the first lumbar vertebra was fractured, which fracture possibly was "of none too recent origin". The report also stated that the photographs showed "Possible cerebral concussion without proof of gross skull fracture". Doctor Dupre thereupon, relying on his clinical examination and this report, proceeded to treat Gabrielle for all her injuries in an apparently proper manner, as no question is raised in this case as to his treatment of her.

It further appears in the evidence that, in due time, the condition of the back responded to treatment, but that the nervous condition and the vomiting persisted, although somewhat improved. In the latter part of July 1944, Dr. Dupre sent Gabrielle to a hospital in Woonsocket, where she remained in absolute quiet and without visitors for about a week. Thereafter her general condition steadily improved, so that at the time of the trial, in January 1945, she was well on the way to full recovery. Gabrielle made no claim of permanent injury.

The interpretation of the X-ray photographs is the source of conflicting testimony. One of the two doctors, who appeared for the defendant as expert witnesses, testified to the effect that the amount of callus at the place of fracture of the sixth and seventh ribs indicated to him that those ribs were fractured some weeks before the time when the photographs were taken, and that, in his opinion, the transverse process disclosed an abnormality rather than a fracture. The testimony of defendant's other medical witness was substantially the same.

On this point Gabrielle testified that she had not fractured her ribs at any time before the accident. Doctor Dupre stood firm in his diagnosis that the ribs were fractured in the accident; and the doctor who took the X-ray photographs modified his report, which he had sent to Dr. Dupre shortly after the accident, by testifying that the fracture of the seventh rib antedated the accident but that it was "debatable" whether the sixth rib was fractured at that time.

The trial justice, who did not question the veracity of Gabrielle, practically dismissed the matter of the fractures as such, with the possible exception of that to the sixth rib, from consideration as a distinct element of damages. He rested his award of $1500 on the aggregate of the injuries suffered by her in the accident, irrespective of fractures.

A careful examination of the evidence does not permit us to find that the trial justice was clearly wrong in awarding such sum. He, having had the advantage of observing Gabrielle while testifying, believed her; and we have no reason to do otherwise, especially when we recall the rather unusual circumstance of her asking the defendant, on the very day of the accident, to send its own doctor to treat her for her injuries, which it did not do. The sum awarded may be liberal, but we cannot say that it is so excessive as to warrant our interference. The defendant's exception in the case of Gabrielle Martin is therefore overruled.

In the case of Hector W. Martin, who seeks damages in consequence of personal injuries received by his wife through the negligence of defendant's servant, we find the trial justice clearly in error. This plaintiff testified to a money loss of $267.70 up to the time of trial. This consisted of expenditures for medical care and hospital charges. There is no evidence that he expended, or reasonably would be required to expend in the future, any further sums for other items of damages properly allowable to a husband in this class of cases, such as nursing and servants' hire in his household. Notwithstanding this absence of necessary evidence, the trial justice gave this plaintiff an additional sum of $500 for loss of consortium on the theory that he, as a husband, had "a right to the companionship of a healthy wife", and therefore set the damages in his case at $767.70.

The question thus presented was fully considered and decided by this court in *Golden* v. *R. L. Greene Paper Co.*, 44 R. I. 231. It would serve no useful purpose for us to add to the discussion in that opinion of a husband's right to recover for loss of mere consortium, as allowed by the trial justice, in an action for injuries to the wife due to the *negligence* of a defendant. That case recognizes no such right and the rule therein stated has been consistently followed in practice. In accordance with such rule, which we affirm, the decision of the trial justice in this case was clearly excessive in the sum of $500. The defendant's exception to such decision is therefore sustained.

The case of Gabrielle Martin is remitted to the superior court for entry of judgment on the decision.

The case of Hector W. Martin is remitted to the superior court for a new trial, unless, on or before June 29, 1945, the plaintiff shall file in that court a remittitur of all of the decision in excess of $267.70. In case the plaintiff shall file such remittitur, the superior court is directed to enter judgment on the decision as reduced by the remittitur.

*Kennedy & Greene,* for plaintiffs.

*Earl A. Sweeney, Frank J. McGee,* for defendant.