**SMEDLEY v. GUY F. ATKINSON CO. et al.**

Civ. No. 300.

United States District Court
D. Nebraska, Hastings Division.
Dec. 21, 1951.

356

Conway & Irona, of Hastings, Neb., and Watson, Ess, Whittaker, Marshall & Enggass, of Kansas City, Mo., for plaintiff.

Richard W. Smith and Woods, Aitken & Aitken, all of Lincoln, Neb., for defendants.

DELEHANT, District Judge.

Against the plaintiff's complaint praying for damages on the ground of his malicious prosecution by the defendants in a Nebraska court on a charge of his commission of a felony, the defendants have jointly tendered, in consolidation, motions, (a) to dismiss for failure of the complaint to state a claim on which relief can be granted, Fed. Rules Civ.Proc., Rule 12 (b)(6) 28 U.S.C.A.; (b) for failure to state allegedly separate claims in separate counts, Rules 10(b) and 41(b); and (c) for more definite statement, Rule 12(e). The motions must be denied. The reason for that action may be stated very briefly.

The demand for dismissal for failure to state a claim supporting the allowance of relief is premised on the defendants' contention that in certain of the essential particulars of a claim for malicious prosecution, the complaint states not the ultimate facts from which those particulars follow, but rather legal conclusions. Granting, but not deciding, that the premise is true, it does not necessarily result that the motion for dismissal on that ground should be sustained.

The argument in support of the motion seems to rest upon the assumption that if a petition in like language and for like relief had been filed by the plaintiff in one of the district courts of Nebraska, it would have been vulnerable in the state court to a general demurrer. From that assumption the defendants argue that "plaintiff is only entitled to relief in the federal court if he is entitled in Nebraska state courts" and, therefore, that their motion to dismiss for failure to state a claim is well taken.

That argument neglects certain presently essential distinctions. In the first place, the rule of Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, has to do only with substantive law. Despite it, this court in its procedural steps may, in fact must, administer the Federal Rules of Civil Procedure and disregard the code of procedure by which Nebraska's state court practice is governed. Secondly, the general demurrer of the state's practice has no substitute or counterpart in the current federal procedure. Stated otherwise, an occasional vagrant judicial observation to the contrary notwithstanding, Rule 7(c) by which demurrers are abolished, means precisely what it says; and the venerable general demurrer does not exist here, either in its own name and right or as the wearer of the mask of a motion to dismiss. Thirdly, the system of practice erected under the Federal Rules of Civil Procedure contemplates that a complaint shall assert a claim and identify its nature and basis, not that it shall set out in detail the ultimate facts on which the existence of a claim depends. Finally, it is not necessary in this court that the complaint allege facts sufficient to constitute a cause of action. Dennis v. Village of Tonka Bay, 8 Cir., 151 F.2d 411.

Quite the contrary, a plaintiff is entitled to a liberal construction of his complaint; and as against a motion to dismiss for failure to state a claim supporting recovery the complaint must be appraised in the light most favorable to the plaintiff with all doubts resolved in his favor. And the complaint must not be dismissed upon such a motion "unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim asserted by him". It may also be pertinently observed that no court has more uniformly and emphatically insisted upon the rules just adverted to than the Court of Appeals for the eighth circuit. See suggestively United States v. Arkansas Power and Light Co., 8 Cir., 165 F.2d 354; Publicity Building Realty Corporation v. Hannegan, 8 Cir.,

139 F.2d 583; Cool v. International Shoe. Co., 8 Cir., 142 F.2d 318; Leimer v. State Mutual Life Assurance Co., 8 Cir., 108 F.2d 302; Musteen v. Johnson, 8 Cir., 133 F.2d 106; Sparks v. England, 8 Cir., 113 F.2d 579; Louisiana Farmers Protective Union, Inc., v. Great Atlantic & Pacific Tea Co., 8 Cir., 131 F.2d 419. This court is both obliged and disposed to follow that authority..

The demand of the defendants for dismissal on the ground of the plaintiff's "failure to state separate claims in separate counts as required by Rule 10(b)", is said by the defendants to be based on Rule 41(b), and, from oral argument upon the motion, is understood to rest on the assumption that the complaint sets out two claims for relief, one for malicious prosecution, the other for false imprisonment. Whether resort should be had to a demand for involuntary dismissal under Rule 41(b) for failure to state separate claims separately need not be and is not decided. For the plaintiff seems to the court to assert only a single claim rooted in alleged malicious prosecution. He undertakes so to characterize it in the title to the complaint. And on oral argument, his counsel disclaims any purpose to tender any issue of false imprisonment. Granting that neither of those courses necessarily intercepts a subsequent change of front, the court is persuaded that counsel for the plaintiff will not have the hardihood to attempt a reversal of their position heretofore so positively declared.

■ Nor may the motion for more definite statement be granted. Such a motion, by the plain provisions of Rule 12(e) will lie only if the pleading against which it is aimed "is so vague or ambiguous that a party can not reasonably be required to frame a responsive pleading." The present complaint is not vague or ambiguous. That is no less true, even though some of the assertions of the pleading may be identifiable as conclusions, either factual or legal. The defendants may reasonably be required to answer the complaint as drawn. United States v. Association of American Railroads, D.C.Neb., 4 F.R.D. 510, and cases cited.

Undoubtedly, they will be entitled before proceeding to trial to receive clear and explicit statement by the plaintiff of much of the material for which they ask in their motion. But this is not the time, nor a motion for more definite statement the method, for its procurement. The defendants should be and are remitted to the understanding use of the rules for discovery in their pursuit of the information which they desire.

An order is being made in accordance herewith.