**COONEY v. MOOMAW et al.**

**Civ. No. 400.**

United States District Court,
D. Nebraska, North Platte Division.

Jan. 15, 1953.

Bielski, Elliott & Lewis, Sioux Falls, S. D., and Crosby & Crosby, North Platte, Neb., for plaintiff.

Townsend & Youmans, Scottsbluff, Neb., and Mothersead, Wright & Simmons, Scottsbluff, Neb., for defendants.

DONOHOE, Chief Judge.

Federal jurisdiction in this action is founded upon diversity of citizenship. 28 U.S.C.A. § 1332. Damages for loss of consortium resulting from a negligent injury to her husband are sought by a wife, plaintiff herein, against two defendants, one the owner and the other the operator of a truck involved in a collision with a vehicle operated by plaintiff's husband. Plaintiff's husband has been fully compensated for his injury. Cooney v. Moomaw,[1] et al., Case No. 356, United States District Court, District of Nebraska, North Platte Division. Defendants have filed alternative motions requesting the court either to dismiss the action or to grant a summary judgment in their favor on the ground that the complaint fails to state a claim upon which relief can be granted. It is with these motions that we are presently concerned.

The substantive law to be applied in this case is that of Nebraska. Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. That law is to be ascertained by an examination of the relevant decisions of Nebraska courts insofar as they are available, and in the absence of instructive decisions, or "considered dicta"

1. No opinion for publication.

by Nebraska courts on the point in question, from any other materials persuasively indicating the course of decision within the state. Yoder v. Nu-Enamel Corp., 8 Cir., 1941, 117 F.2d 488; Mattson v. Central Electric & Gas Co., 8 Cir., 1949, 174 F.2d 215. An exhaustive examination of the reported Nebraska cases discloses that the Nebraska courts have not been called upon to decide the precise question involved in this case. So, of necessity, we turn to analogous materials from within the state and to pertinent decisions from without.

■ Nebraska has adopted the Common Law of England to the extent that it is applicable and not inconsistent with the Constitution of the United States or with the organic laws, or legislative acts of the state. R.R.S.1943, § 49–101. However, this adoption of the Common Law in general terms does "not admit of an unqualified application of all its rules without regard to local circumstances and the then present enlightened conception of reason and justice, for the common law is applicable only in so far as it is suited to the genius, spirit, and objects of its intendments affecting the society of the state." State ex rel. Johnson v. Tautges, Rerat & Welch, 146 Neb. 439, 444, 20 N.W.2d 232, 234.

■ At Common Law a wife had no cause of action for loss of consortium of the husband because she could not sue in her own name. 27 Am.Jur., Husband and Wife, § 513, p. 113. In Nebraska, as in many other jurisdictions, the Common Law disability of a wife to sue in her own behalf has been removed by statute. R.R.S.1943, § 25–305. And it is clear in this state that she may maintain an action in her own behalf for injuries resulting from a defendant's negligent acts. See City of Chadron v. Glover, 43 Neb. 732, 62 N.W. 62. However, the numerical majority of American jurisdictions have held that no new rights were created by the Married Women's Acts, such as the Nebraska Statute mentioned above, and that since the wife had no cause of action at Common Law for loss of her husband's consortium as a result of the defendant's negligence, she has none by virtue of the Married Women's Acts. Patelski v. Snyder, 179 Ill.App. 24; Bernhardt v. Perry, 276 Mo. 612, 208 S.W. 462, 13 A.L.R. 1320, error dismissed 254 U.S. 662, 41 S.Ct. 63, 65 L.Ed. 464; Cravens v. Louisville & N. R. Co., 195 Ky. 257, 242 S.W. 628; Nash v. Mobile & Ohio R. Co., 149 Miss. 823, 116 So. 100, 59 A.L.R. 676; Howard v. Verdigris Valley Electric Co-op., 201 Okl. 504, 207 P.2d 784. In 1950, the Court of Appeals for the District of Columbia refused to follow the majority rule. In Hitaffer v. Argonne Co., 87 U.S.App.D.C. 57, 183 F.2d 811, 816, 23 A.L.R.2d 1366, Judge Clark points out:

> " 'The modern rule is thus well stated by the Court of Appeals of New York: "The actual injury to the wife from loss of consortium, which is the basis of the action, is the same as the actual injury to the husband from that cause. His right to the conjugal society of his wife is no greater than her right to the conjugal society of her husband. Marriage gives each the same rights in that regard. Each is entitled to the comfort, companionship, and affection of the other. The rights of the one and the obligations of the other spring from the marriage contract, are mutual in character, and attach to the husband as husband and to the wife as wife. Any interference with these rights, whether of the husband or of the wife, is a violation, not only of natural right, but also of a legal right arising out of the marriage relation. * * * As the wrongs of the wife are the same in principle, and are caused by acts of the same nature, as those of the husband, the remedy should be the same". Bennett v. Bennett, 116 N.Y. 584, 590, 23 N.E. 17, 6 L.R.A. 553. * * *

> " 'The underlying ground of the common-law rule of discrimination between husband and wife in respect of this right, namely, the incapacity of the wife to maintain a separate action for a tort, has been swept away by the modern legislation that has so generally relieved the wife of the ordinary disabilities of coverture.'

"It is clear to us, in light of this plain broad language, that in order to circumvent its impact on all cases involving the loss of consortium, whether by the husband or the wife, we would have to engage in the legalistic gymnastics which we are here criticizing. There can be no doubt that the expressed view of this court is that the husband and the wife have equal rights in the marriage relation which will receive equal protection of the law. That these rights existed prior to the passage of the Married Women's Act cannot be doubted. The Act simply removed the wife's disability to invoke the law's protection. And what we have said in this regard is equally applicable to the large number of cases which satisfy themselves with simply stating that the wife had no such action at common law and the Emancipation Acts gave her no new causes of action. It is not for us, at this late date under the modern concepts of the marital relations, to deny the wife legal protection of this right."

Some states, recognizing the incongruity pointed out above by Judge Clark of allowing the husband to sue for loss of his wife's consortium and not allowing the wife to sue for loss of her husband's consortium, have denied the husband's cause of action, thus affirming the equality of rights theory pertaining to the marriage relation. Marri v. Stamford Street R. Co., 84 Conn. 9, 78 A. 582, 33 L.R.A.,N.S., 1042; Bolger v. Boston Elevated R. Co., 205 Mass. 420, 91 N.E. 389; Blair v. Seitner Dry Goods Co., 184 Mich. 304, 151 N.W. 724, L.R.A.1915D, 524; Helmstetler v. Duke Power Co., 224 N.C. 821, 32 S.E.2d 611; Martin v. United Electric R. Co., 71 R.I. 137, 42 A.2d 897.

Nebraska courts, however, seem to recognize the husband's right of action for loss of his wife's consortium in a negligence case. Omaha & R. V. Ry. Co. v. Chollette, 41 Neb. 578, 59 N.W. 921; Wright v. City of Omaha, 78 Neb. 124, 110 N.W. 754. (These cases speak of the husband's damage in terms of his loss of the wife's services and *society* to the extent that she is incapacitated from performing all the duties that devolve upon her in the marriage relation.) In view of these holdings, consistency within the state would seem to indicate that Nebraska would allow the wife, as well as the husband, a right of action for loss of consortium. It is true that some states have tried to justify the inconsistency of allowing the husband and not the wife a cause of action on the theory that the husband's action is predicated on his right to his wife's services, whereas there is no corresponding right in the wife to the services of the husband. See Smith v. Nicholas Bldg. Co., 93 Ohio St. 101, 112 N.E. 204, L.R.A.1916E, 700. Annotation: Loss of Consortium, 23 A.L.R.2d 1378, 1394. This reasoning is only valid if we concede that consortium is limited to services; and in Nebraska consortium also seems to include society. See Omaha & R. V. Ry. Co. v. Chollette, supra; Hitaffer v. Argonne Co., supra.

The court is aware of those cases denying the wife's right to recover damages for loss of consortium resulting from injuries to her husband caused by the defendant's negligence on the theory that the injury to the wife is too remote and indirect to permit holding the defendant liable. Feneff v. New York Cent. & H. R. Co., 203 Mass. 278, 89 N.E. 436, 24 L.R.A.,N.S., 1024; Stout v. Kansas City Terminal R. Co., 172 Mo.App. 113, 157 S.W. 1019; Gambino v. Manufacturers' Coal & Coke Co., 175 Mo. App. 653, 158 S.W. 77; Emerson v. Taylor, 133 Md. 192, 104 A. 538, 5 A.L.R. 1045; Hinnant v. Tidewater Power Co., 189 N. C. 120, 126 S.E. 307, 37 A.L.R. 889; Giggey v. Gallagher Transp. Co., 101 Colo. 258, 72 P.2d 1100. However, since Nebraska courts do not consider the injury remote in the husband's case, this court is inclined to believe that Nebraska courts would not find the injury too remote in the wife's case. See Hitaffer v. Argonne Co., supra.

■ The strongest objection which can be made to the granting of relief in this case is the possibility of double recovery. See Goldman v. Cohen, 30 Misc. 336, 63 N.Y.S. 459; Stout v. Kansas City Terminal R. Co., supra; Tobiassen v. Polley, 96 N.J.L. 66, 114 A. 153; Giggey v. Gallagher Transp. Co., supra. The husband

having already recovered for loss of his earning capacity, the wife indirectly benefits from his recovery, and may not now recover the second time from the same defendant for the same damage. The husband's recovery must necessarily be taken into account in determining the wife's damage. However, this is a matter which the court may appropriately take care of at the time of trial, if necessary, by limiting through proper evidentiary rulings and instructions to the jury the wife's recovery to such elements of damage as her loss of the husband's society and affection and the expenses to which she has been put in caring for him.

In view of what has been said, the defendants' motions for summary judgment or in the alternative for dismissal of the action should be overruled.