**Dolly GUYTON, Appellant,**

v.

**SOLOMON DEHYDRATING COMPANY,**
Incorporated, Appellee.

No. 16885.

United States Court of Appeals
Eighth Circuit.

May 4, 1962.

Warren C. Schrempp, of Schrempp & Lathrop, Omaha, Neb., and Henry C. Rosenthal, Jr., Omaha, Neb., on the brief, for appellant.

Kenneth H. Dryden, Kearney, Neb., for appellee.

Before VOGEL and RIDGE, Circuit Judges, and DEVITT, District Judge.

VOGEL, Circuit Judge.

Dolly Guyton, plaintiff-appellant, brought this action against Solomon Dehydrating Company, Inc., defendant-appellee, to recover money damages because of her loss of the right to her husband's society, companionship, consortium and services. The husband, Clarence R. Guyton, was seriously injured as the result of an accident between a Greyhound Bus which he was driving and a truck driven by an employee of the Solomon Dehydrating Company, Inc. See Solomon Dehydrating Co. v. Guyton, 8 Cir., 1961, 294 F.2d 439, certiorari denied 368 U.S. 929, 82 S.Ct. 366, 7 L.Ed.2d 192. Plaintiff's complaint herein with reference to liability alleged:

"That on July 29, 1959, the plaintiff's husband, was operating a Greyhound bus as a driver; that he was operating this bus on highway 30; that as he approached an intersection with a county road about 3.5 miles east of Kearney, Nebraska, a 1959 truck, driven by a driver of the defendant, Solomon Dehydrating Company, Inc., within the course and scope of his employment with the defendant, carelessly, negligently and recklessly collided with the bus which plaintiff's husband was operating, causing plaintiff's husband injuries and damages hereinafter set forth."

Plaintiff, after setting forth in detail the injuries sustained by her husband and the disabilities resulting therefrom, then alleged that by reason thereof she

"* * * lost her right to her husband's society and companionship and consortium for a period of 9 months; that this loss was directly caused by the negligence of the defendant; that the plaintiff has been damaged in this respect in the amount of $5,000.00.

"That as a direct and proximate result of the negligence of the defendant and the resulting collision the plaintiff will in the future suffer great and irreparable loss in that she will be deprived for the remainder of her life, of the society, companionship, consortium and services of her husband, for all of which loss, deprivation, injury and damage plaintiff claims damage in the amount of $20,000.00."

To this complaint the defendant filed a general motion to dismiss

"* * * for the reason that the complaint fails to state a claim upon which relief can be granted."

The trial court granted the motion dismissing plaintiff's complaint but wrote no opinion and failed to indicate the reasons or grounds therefor.

■ In appealing from such dismissal, counsel for the plaintiff, not being certain as to the basis therefor, suggest that two possible facets may have been raised: (1) That the manner of pleading liability on the part of the defendant was thought to be inadequate or insufficient; and (2) that a wife's claim for loss of consortium was thought not to be enforceable under the laws of Nebraska. With reference to the latter point, however, counsel direct attention to the fact that, the Supreme Court of Nebraska not having spoken on the subject, the late Chief Judge Donohoe in Cooney v. Moomaw, D.C.Neb., 1953, 109 F.Supp. 448, 450, after an exhaustive review and analysis of the law of Nebraska, concluded that:

"* * * consistency within the state would seem to indicate that Nebraska would allow the wife, as well as the husband, a right of action for loss of consortium."

Of course, Judge Donohoe, as a federal judge, could not authoritatively say with exactitude what the law of Nebraska was. He, nevertheless, in the absence of an expression from the Nebraska courts, had the right—and it was his duty—to express his views as to what the Supreme Court of Nebraska would hold if and when the legal question were presented to it. Judge Donohoe's statements in Cooney v. Moomaw, supra, have been considered as representing a correct statement of the law of Nebraska. This court followed such holding and, speaking through Judge John Sanborn in Luther v. Maple, 8 Cir., 1958, 250 F.2d 916, said at page 922:

"The contention of the defendants that the trial court erred in instructing the jury that Donna Maple could be awarded damages for loss of consortium, because under Nebraska law a wife may not recover for such loss attributable to injuries negligently inflicted upon her husband, raises a doubtful question of the law of that State which can definitely be decided only by the Supreme Court of Nebraska. Concededly, that court has not yet ruled upon the question. There is respectable authority both ways. See Hitaffer v. Argonne Co., Inc., 87 U.S.App.D.C. 57, 183 F.2d 811, 23 A.L.R.2d 1366, and the Annotation following that case, on pages 1378–1397 of 23 A.L.R.2d. The late Judge Donohoe, of the United States District Court for the District of Nebraska, was of the opinion that under Nebraska law a wife could recover damages for loss of consortium in a case such as the instant one. Cooney v. Moomaw, D.C.D.Neb., 109 F.Supp. 448, 450. Obviously no one can predict with any assurance how the question will ultimately be decided by the Supreme Court of Nebraska."

Counsel argue, and we think with considerable force, that in view of Cooney

and its having been followed by Luther, the trial judge in the instant case would most probably not have overruled his predecessor's opinion in Cooney without specifically so stating, and they therefore conclude that he must have based his order of dismissal upon an erroneous assumption that the allegation as to liability—in other words, facet No. 1—was inadequate and insufficient.

 The adequacy of the complaint as to liability for the accident presents no difficult problem. Rule 8 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides, in addition to the jurisdictional allegations which are present here, that the pleading contain

> "(a) (2) a short and plain statement of the claim showing that the pleader is entitled to relief"

and further provides

> "(e) (1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required."

Plaintiff's allegations, supra, meet the requirements of the rule. Many cases so hold. In Thomason v. Hospital T. V. Rentals, Inc., 8 Cir., 1959, 272 F.2d 263, we said at page 266:

> "The attitude of this Court toward attempts to terminate litigation, believed to be without merit, by dismissing a complaint for insufficiency of statement has been adequately stated in Publicity Building Realty Corp. v. Hannegan, 8 Cir., 139 F.2d 583, 586–587, and restated in Lada v. Wilkie, [8 Cir., 1957, 250 F.2d 211] supra, at pages 212–213 of 250 F.2d. No matter how reasonably it may be surmised or predicted that a plaintiff will be unable to establish on a trial the claim stated in his complaint or to obtain any relief, he is, nevertheless, entitled to make the attempt unless it appears beyond doubt that he can prove no set of facts in support of his claim which would entitle him to any relief. Conley v.

Gibson, [1957, 355 U.S. 41, 78 S. Ct. 99, 2 L.Ed.2d 80] supra, at pages 45–48 of 355 U.S., at pages 101–103 of 78 S.Ct."

See Dennis v. Village of Tonka Bay, 8 Cir., 1945, 151 F.2d 411, 412–413, and Smedley v. Guy F. Atkinson Co., D.C. Neb., 1951, 12 F.R.D. 355, 356, and cases cited therein. We hold here that the allegations of the complaint were sufficient on the question of liability.

As neither suggested facet of the motion would have been sufficient to support dismissal, it must be reversed. Plaintiff here should be allowed to show, if she can, that she sustained injury or damage for which recovery could be had under the law of Nebraska. The order appealed from is set aside and the cause remanded for trial on the merits.